**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0188-19T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOHN WHITE,

    Defendant-Appellant.

_____

> Submitted January 4, 2021 – Decided January 20, 2021
>
> Before Judges Fasciale and Mayer.
>
> On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 12-12-1811.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Mark Zavotsky, Designated Counsel, on the brief).
>
> Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Nancy A. Hulett, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant John White appeals from a July 22, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

We incorporate the facts from our opinion in State v. White, No. A-5421-15 (App. Div. March 22, 2018) (White I). In White I, defendant appealed his convictions for weapons and drug charges, raising the following arguments for the first time on appeal: "the prosecutor posed a hypothetical question designed to elicit an opinion that defendant possessed drugs with the intent to distribute"; the State's expert improperly testified on the ultimate issue thereby invading the jury's factfinding role; the State's fact evidence was improperly bolstered by its expert witness; "the prosecutor committed misconduct in vouching for the credibility of a witness"; the State failed to provide a proper foundation for the text message from defendant to a co-defendant; the trial court erred in admitting co-defendant's testimony regarding the text message; the trial court failed to provide a limiting instruction to the jury related to the text message; and the trial

A-0188-19T4

court erred in failing to instruct the jury using the model jury charge concerning statements of defendant.[1] White I at 5-6.

Because each of defendant's contentions in White I were raised for the first time on appeal, we reviewed his arguments for plain error in accordance with Rule 2:10-2. Id. at 6. In White I, we affirmed the convictions, finding defendant failed to show plain error as to any of the substantive issues raised on appeal. Id. at 14. The New Jersey Supreme Court denied defendant's petition for certification and motion for summary disposition. State v. White, 233 N.J. 608 (2018).

In September 2018, defendant filed a pro se PCR petition. After being assigned counsel, defendant filed an amended petition,[2] asserting his trial attorney "failed to object to the prosecutor's summation, failed to request a hearing to determine the admissibility of various alleged statements and failed to request a jury charge" regarding defendant's alleged statements. In addition,

---

[1] Defendant also appealed the five-year sentence imposed for possession of narcotics with intent to distribute within 1000 feet of school property. We remanded the matter for the judge to apply the correct sentence of three years for that offense. White I at 14.

[2] Defendant's amended PCR petition incorporated the arguments set forth in his pro se petition.

A-0188-19T4

he argued trial counsel "should have been more prepared at trial and failed to recognize the importance of these objections during trial."

The PCR judge heard argument on July 22, 2019. The judge rendered an oral decision, concluding defendant's PCR issues were raised and adjudicated on the merits in his direct appeal. Based on White I, the PCR judge determined any inappropriate comments regarding the credibility of a testifying co-defendant made by the prosecution during summation "were not so egregious that it deprived defendant of a fair trial" and found "[t]here was sufficient evidence in the record for the jury to ultimately decide the defendant owned a gun." In rejecting defendant's argument related to the failure to provide a Hampton[3] charge, relying on White I, the PCR judge found the jury instructions "were sufficient because they still captured the same information that a Hampton charge would have conveyed." Having determined the issues in defendant's PCR petition were "clearly addressed by the Appellate Division under [Rule] 3:22-5," the judge held defendant's PCR "application [was] procedurally barred from adjudication or resolution at a hearing."

On appeal from denial of his PCR petition, defendant raises the following arguments:

---

[3] State v. Hampton, 61 N.J. 250 (1972).

POINT I

DEFENDANT'S PETITION FOR POST CONVICTION RELIEF SHOULD NOT BE BARRED BECAUSE DEFENDANT'S CLAIMS WERE NOT EXPRESSLY ADJUDICATED BY THE APPELLATE DIVISION.

POINT II

DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR COUNSEL'S FAILURE TO OBJECT TO THE PROSECUTOR'S PREJUDICIAL STATEMENTS DURING CLOSING WHICH UNFAIRLY BOLSTERED THE TESTIMONY OF A STATE'S WITNESS AND FOR FAILURE TO REQUEST A HAMPTON CHARGE RELATED TO HIS ALLEGED ADMISSIONS TO A THIRD PARTY.

(a) APPLICABLE LAW.

(b) COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE PROSECUTOR'S REMARKS DURING CLOSING WHICH PREJUDICED THE DEFENDANT BY UNFAIRLY BOLSTERING THE CREDIBILITY OF A WITNESS AGAINST HIM.

(c) COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST A JURY CHARGE ON THE WEIGHING OF CREDIBILITY OF A WITNESS'S TESTIMONY REGARDING ADMISSION MADE BY DEFENDANT.

On this record, we are satisfied the PCR judge properly determined defendant's arguments were procedurally barred. In addition, even if defendant's

5

PCR arguments were not procedurally barred, defendant failed to make a prima facie showing in support of his ineffective assistance of counsel claim.

If an issue has previously been raised and decided, the "prior adjudication upon the merits . . . is conclusive whether made in the proceedings resulting in the conviction . . . or in any appeal taken from such proceedings." R. 3:22-5. In determining whether this procedural bar applies, the challenged claim should be compared with the prior claim to determine if the two "are either identical or substantially equivalent." State v. Marshall, 173 N.J. 343, 351 (2002). "If the claims are substantially the same, the petition is procedurally barred; if not, the claim of error should be adjudicated when there is no other reason to bar it." Ibid.

An issue decided on direct appeal may not be considered in a PCR proceeding. State v. Preciose, 129 N.J. 451, 476 (1992). Defendant argues his direct appeal did not address the same claims as his PCR petition. The issues asserted in defendant's petition for PCR, however, implicate the same substantive claims of error that defendant raised, and we rejected, in White I.

Although defendant reframes his argument in terms of ineffective assistance of counsel, the PCR arguments substantively concerns the same issues raised in White I. Specifically, defendant rehashes the same arguments

regarding the prosecutor's comments during summation, text messages sent by defendant, and the absence of a <u>Hampton</u> charge. PCR is not "an opportunity to relitigate matters already decided on the merits . . . ." <u>State v. Afanador</u>, 151 N.J. 41, 50 (1997) (citing <u>Preciose</u>, 129 N.J. at 459).

Even if defendant's claims were not procedurally barred, he failed to establish a prima facie case of ineffective assistance of counsel under the <u>Strickland/Fritz</u> analysis.[4] To establish an ineffective assistance of counsel claim, a defendant must demonstrate: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. <u>Strickland</u>, 466 U.S. at 687; <u>see also</u> <u>Fritz</u>, 105 N.J. at 58 (adopting the <u>Strickland</u> two-part test in New Jersey).

Here, based on our decision in <u>White I</u>, defendant is unable to demonstrate defense counsel's performance was so deficient as to constitute ineffective assistance of counsel. In addition, as a result of our affirmance of defendant's conviction in <u>White I</u>, defendant is unable to establish defense counsel's alleged deficiencies deprived him of a fair trial or that the outcome of the trial would have differed if counsel raised certain arguments.

---

[4] <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984) and <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987).

A-0188-19T4

The remainder of defendant's arguments lack sufficient merit to warrant further discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION